# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Upsher-Smith Labs., Inc.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Fifth Third Bank,<br><br>　　　　　　Defendant. | Case No. 16-cv-556 (JRT/HB)<br><br>**ORDER** |

　　　　This matter is before the Court on a dispute between the parties regarding compliance with the Court's April 23, 2018, Order rejecting Upsher-Smith's privilege and work product objections to a Rule 30(b)(6) deposition topic seeking information about "facts memorialized in any notes taken by Anders Folk during the FBI's interview of Christine Hopper."  *See* Order at 31-34 [Doc. No. 176].  The dispute is set forth in the parties' respective letters to the Court [Doc. Nos. 185 and 186].  For the reasons described herein, the Court orders Upsher-Smith to produce the un-redacted notes taken by Mr. Folk during the Hopper interview.

　　　　The Court's Order upheld Fifth Third's deposition topic on this subject, but suggested the parties meet and confer on whether Mr. Folk's notes could be produced in lieu of a deposition.  The parties' letters indicate that, after several exchanges and discussions, they agreed Upsher-Smith would produce a copy of Mr. Folk's notes, but that Mr. Folk would first redact any mental impressions that did not reflect or refer to facts from the Hopper interview.  The version of the notes produced, however, was more than three-

quarters redacted, and Fifth Third voiced its concern that the redactions had gone too far, and that factual material had been excluded. The Court ordered Upsher-Smith to produce for *in camera* review both the redacted and un-redacted notes [Doc. No. 187].

Upsher-Smith makes two arguments in support of the redactions. First, it argues the redactions are justified because the "redacted information constitutes attorney work product, privileged information." (Pl.'s Letter at 1.) But the Court has already held that Upsher-Smith failed to sustain its privilege or its work product objections to the notes taken by Mr. Folk, and the Court will not revisit that ruling now. Thus, that the redacted material may contain Mr. Folk's mental impressions of the interview is not a sufficient basis to withhold them.

Second, Upsher-Smith asserts the redactions are appropriate because the notes were produced in lieu of a deposition topic about "facts memorialized in any notes taken . . . during the FBI's interview of Christine Hopper." (*Id.*) It argues the redacted notes are "thoughts and mental impressions that did not refer to factual information provided by Ms. Hopper," and therefore "do not reveal facts provided by Ms. Hopper to the FBI." (*Id.* at 1-2.) Thus, Upsher-Smith reasons, the redacted notes are not responsive to the deposition topic, which it paraphrases as "facts (from Ms. Hopper) memorialized in Mr. Folk's notes." (*Id.* at 2.)

Having reviewed the redacted material, the Court concludes Upsher-Smith sliced the matter too finely. The deposition topic was not explicitly limited to "facts from Ms. Hopper" or "facts provided by Ms. Hopper" but to facts memorialized in Mr. Folk's

notes during the interview.[1]  (Colvin Decl., Ex. 1 at 13 [Doc. No. 161].)  Furthermore, much if not all of the redacted material appears to refer to or reflect either what Ms. Hopper had to say or information about which she was asked at the interview, including a series of emails with the perpetrator.  Whether or not the notes will turn out to be useful or admissible, they are unquestionably relevant.  The Court also notes that if the deposition had proceeded as originally requested by Fifth Third, Upsher-Smith would not have been justified on privilege or work product grounds (as the Court overruled those objections) if it had instructed Mr. Folk to refuse to answer any question about the notes he made during the interview that was not precisely limited to what Ms. Hopper said, and an instruction not to answer on any other basis would have run afoul of Rule 30(c)(2).  The parties agreed to the production of these notes in lieu of that deposition.  Therefore, the Court finds unpersuasive Upsher-Smith's argument that it was entitled to redact anything that was not strictly limited to "facts provided by Ms. Hopper."

Accordingly, **IT IS HEREBY ORDERED THAT** on or before **June 7, 2018**, Upsher-Smith must produce a complete and un-redacted copy of Mr. Folk's notes to counsel for Fifth Third.

Dated: June 5, 2018                             s/ *Hildy Bowbeer*
                                                HILDY BOWBEER
                                                United States Magistrate Judge

---

[1] Upsher-Smith does not argue that any of the redacted notes were memorialized at any time other than during the interview.