UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ACOVA, Inc. and UPSHER-SMITH LABORATORIES, LLC f/k/a/ UPSHER-SMITH LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FIFTH THIRD BANK, <br><br> Defendant. | Court File No.: 16-cv-556 (JRT-HB) |

**DEFENDANT FIFTH THIRD BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF UNDISCLOSED WITNESSES**

## I.   <u>Preliminary Statement</u>

The Federal Rules of Civil Procedure—and particularly Rule 26—are designed to promote full and frank witness disclosures to prevent surprise at trial.  This case has been pending for over three years, and the Court has extended the parties' disclosure deadlines multiple times.  Upsher thus had more than enough time to identify all of its fact and expert witnesses, both in its Rule 26 disclosures and in response to Fifth Third's interrogatories.  Nevertheless, Upsher submitted declarations from two previously undisclosed witnesses, Joel Green (its former general counsel) and Thomas Mielenhausen (an attorney it hired to help it seek coverage from its insurer for the fraudulent foreign-exchange trades at issue), in its opposition to Fifth Third's motion for summary judgment, after discovery closed.  Upsher also submitted a declaration from Chad Martinson.  Mr. Martinson, one of Upsher's

former CFOs, was never disclosed as an expert witness, but he nevertheless offers opinions about the role of auditors and the audits issued by PricewaterhouseCoopers before his tenure and regarding which he has no personal knowledge.  Upsher's tactics contravene the Federal Rules and, pursuant to Rule 37(c), Messrs. Green, Mielenhausen, and Martinson must be precluded from offering testimony at trial.

## II.   <u>Facts</u>

Upsher made its Federal Rule of Civil Procedure 26(a) disclosures on May 17, 2017. (Doc. 484-1.)  The disclosures do not list Joel Green or Thomas Mielenhausen as "individuals likely to have discoverable information relating to [Upsher's] claims."  (*Id.* at 1-5.)  The disclosures list Chad Martinson as having only knowledge about the damages suffered by Upsher as well as the operation of Upsher's "swingline" line of credit at JP Morgan:

> Mr. Martinson is Upsher-Smith's Chief Financial Officer.  Mr. Martinson has knowledge regarding the damages suffered by Upsher-Smith as a result of the foreign currency wire transfers at issue in this case.  He also has knowledge of the operation of the "swingline" feature that is part of Upsher-Smith's credit facility and which could be drawn upon for foreign currency wire transfers.

(*Id.* at 2.)  Upsher did not designate him as an expert witness or otherwise suggest he would provide any expert testimony.

On March 21, 2017, Upsher responded to Fifth Third's first set of interrogatories. (Doc. 484-2.)  The first interrogatory requested that Upsher "[i]dentify each Person" who has "any knowledge of any of the facts, circumstances, or allegations in, or the subject matter of, the Complaint, and for each such Person, provide an address, telephone number,

and a detailed summary of each Person's expected knowledge." (*Id.* at 5-9.)  Upsher did not identity Messrs. Green or Mielenhausen.  (*Id.*)  It did identify Mr. Martinson, but summarized his knowledge the same as in its Rule 26(a) disclosures. (*Id.* at 6.)  Thereafter, Fifth Third deposed a number of the fact witnesses that Upsher identified on its Rule 26(a) disclosures and responses to Fifth Third's interrogatories.   Fact discovery closed on February 13, 2018.  (Doc. 68.)

Upsher's deadline to disclose the "identities of expert witnesses" was January 4, 2018.  (Doc. 117).  Upsher made its Rule 26(a)(2) expert disclosures on January 4, designating:  (1) Michael J. Doyle; (2) Nelson F. Everhardt; and (3) Robert Geary.  (Doc. 484-3.)

 On April 2, 2018, Upsher supplemented its response to the first interrogatory of Fifth Third's first set.  (Doc. 484-4.)   Upsher still did not identify Messrs. Green or Mielenhausen as "individuals . . . believed to have knowledge of the subject matter of the Complaint."  (*Id.* at 5-11.)   Upsher did, however, disclose for the first time that Chad Martinson would testify "as to the role of auditors, and the meaning and intent of documents/comments contained in PwC's audit files."  (*Id.* at 11.)   Upsher did not, however, identify Mr. Martinson as an expert under Rule 26(a)(2).

All discovery closed in July 2018, (*see* Doc. 195), and the parties filed motions for summary judgment.  Despite the fact that it did not identify them as individuals with knowledge about this case in its Rule 26(a) disclosures, in its interrogatory responses, or in any supplements to its interrogatory responses, Upsher submitted declarations from Messrs. Green and Mielenhausen in opposition to Fifth Third's motion for summary

judgment.   (Doc. 382; Doc. 389.)   Upsher also submitted a declaration from Chad
Martinson.   (Doc. 387.)   Despite the fact that Mr. Martinson was never disclosed as an
expert witness, he purports to opine on the role of auditors based on his prior experience
"as an auditor with the KPMG accounting and audit firm."   (*Id.* ¶¶ 3, 7-9.)

Because Upsher did not properly disclose them, Fifth Third now moves the Court
pursuant to Rule 37(c)(1) to preclude Upsher from offering the testimony of Joel Green
and Thomas Mielenhausen, as well as any expert testimony of Chad Martinson.

## III.   <u>Law & Argument</u>

### A.   **Legal Standard**

"One of the purposes of discovery is to eliminate unfair surprise."   *Doe v. Young*,
664 F.3d 727, 734 (8th Cir. 2011).   This principle is particularly embodied in Federal Rule
of Civil Procedure 26(a)(1), which obligates a party to identify each individual "that the
disclosing party may use to support its claims or defenses."   Fed. R. Civ. P. 26(a)(1)(A)(i).
"In addition to disclosures required by Rule 26(a)(1)," a party is obligated to disclose the
identity and opinions of its expert witnesses, regardless of whether those experts are
required to prepare a report.   Fed. R. Civ. P. 26(a)(2)(A)-(C).   Moreover, Rule 26(e)
requires a party to timely update its Rule 26(a) disclosures and interrogatory responses,
once "the party learns that in some material respect the disclosure or response is incomplete
or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).

When a party has failed to properly disclose or otherwise identify a witness in
compliance with Rules 26(a) and 26(e), Rule 37 precludes the party from using that witness
at trial:

> If a party fails to provide information or identify a witness as required by
> Rule 26(a) or (e), the party is not allowed to use that information or witness
> to supply evidence on a motion, at a hearing, or at trial, unless the failure was
> substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  As recently explained by the Eighth Circuit, "Rule 37(c)(1) makes

exclusion of evidence the default, self-executing sanction for failure to comply with Rule

26(a)." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir.

2018).

**B.     Upsher Failed to Disclose, Its Failure Was Not Substantially Justified, and Fifth Third Will Be Harmed.**

Upsher has ignored its disclosure obligations under the Federal Rules.  There can

be no dispute that Rules 26(a) and 26(e) required Upsher to disclose Messrs. Green and

Mielenhausen as witnesses with knowledge about this case in its Rule 26(a) disclosures, in

response to Fifth Third's interrogatory, and in any supplementation to the same.  Yet,

Upsher failed to make any such disclosure and, instead, identified Messrs. Green and

Mielenhausen for the first time in their August 3, 2018 opposition to Fifth Third's motion

for summary judgment, well after the close of discovery.  (*See* Doc. 382; Doc. 389.)

There can also be no dispute that Rule 26(a)(2)(A) required Upsher to identify Chad

Martinson as an expert witness.  The testimony Mr. Martinson offers is not based on

personal knowledge; rather, he offers opinions based on his experience and training as an

auditor, (Doc. 389, ¶¶ 8-9), which is quintessential expert testimony.  *See* Fed. R. Evid.

702.  Yet, Upsher ***never*** identified Mr. Martinson as an expert or made the disclosures

required by Rule 26(a)(2)(C).

Upsher's violations of Rule 26(a) and 26(e) were not substantially justified, and they will harm Fifth Third. "[I]n assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure[,]" courts in the Eighth Circuit apply a four-factor test:

> 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial . . . ; and 4) the availability of a continuance to cure such prejudice.

*Transclean Corp. v. Bridgewood Servs.*, 101 F. Supp. 2d 788, 795-96 (D. Minn. 2000). All of these factors weigh in favor excluding Messrs. Green, Mielenhausen, and Martinson from testifying at trial.

First, their testimony is unimportant. Messrs. Green and Mielenhausen merely offer their interpretation of the sworn proof-of-loss statement that Upsher's CFO, Steve Robinson, submitted to Upsher's insurer when Upsher sought coverage for the fraudulent foreign-exchange trades at issue. (*See* Docs. 382, 389.) The sworn proof-of-loss speaks for itself; their hearsay about it would be inadmissible even if they had been disclosed. (*See* Docs. 397, 398.) Indeed, it appears from Mr. Mielenhausen's declaration that he intends to testify only about what other people told him and has no personal knowledge regarding the fraud. (Doc. 389, ¶ 7 ("As part of my representation of Upsher-Smith in the insurance coverage matter with Travelers, I learned additional facts regarding some of the responses initially provided to Travelers in August 2014 and information contained in the Proof of Loss.").) Such testimony is inadmissible hearsay. *Dohrn v. Circle B. Cashway, Inc.*, No. 98-2113SI, 1999 U.S. App. LEXIS 872, at *2 (8th Cir Jan. 25, 1999) (rejecting

plaintiff's claim "that other employees . . . who had looked for work elsewhere were not fired" because "her evidence of this [was] hearsay, based not upon her own personal knowledge but upon what others told her."); *Fiduciary Assert Mgmt., LLC v. Swope*, No. 4:07CV301 HEA, 2007 U.S. Dist. LEXIS 76413, at *8 (E.D. Mo. Oct. 12, 2007) ("Defendant's affidavit is not based on personal knowledge of the events, rather, Defendant's 'knowledge' is based solely on hearsay which is not admissible testimony.") The April 20, 2015 letter attached to Mr. Mielenhausen's declaration, (Doc. 393), is likewise hearsay and should not be admitted. Mr. Mielenhausen lacks personal knowledge of Fifth Third and Upsher's relationship, and his after-the-fact, out-of-court statements to Upsher's insurer are inadmissible to prove who at Upsher was required to approve and confirm Upsher's FX trades.

Ultimately, in his sworn statement, Mr. Robinson unequivocally stated that Christine Hopper was authorized to place FX trades with Fifth Third, that no one other than Christine Hopper had to approve those trades, and that Fifth Third was not required to contact anyone else at Upsher or confirm those trades with anyone else at Upsher. (Doc. 397 at 4-6; Doc. 398.) There is no need for Messrs. Mielenhausen's or Green's after-the-fact musings about what Mr. Robinson intended to say. Mr. Robinson himself can explain what he intended to say.

Mr. Martinson's belated expert testimony is even more unnecessary than Messrs. Green's and Mielenhausen's. In an effort to discredit PwC's opinions about the causes behind Upsher's loss, Mr. Martinson opines, without offering a basis, that "it is not the role of auditors to draw the conclusions about the cause of a particular loss." (Doc. 387, ¶ 8.)

7

And he claims that he has reviewed "Upsher's engagement agreement with PwC for the 2014 audit of Upsher-Smith and can confirm that it was not the role of PwC to investigate the liability and/or responsibility of Fifth Third Bank . . . ."[1] (*Id.* ¶ 9.) But the jury does not need to hear Mr. Martinson's opinion of what auditors do because the audit report speaks for itself. To the extent that further explanation is required, it can be provided by a representative from PwC who can testify about what PwC actually did, as opposed to Mr. Martinson's after-the-fact speculation about what PwC should or should not have done. *See N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003) (finding that improperly disclosed expert's "opinions would not be helpful to the Jury's resolution of the issues presented by this case."); *see also* Fed. R. Evid. 702 (expert testimony only admissible if it "will help the trier of fact"). Indeed, this Court has excluded similar opinions as unreliable and "connected to existing data only by the *ipse dixit* of the expert." *N. Star Mut. Ins. Co.*, 268 F. Supp. 2d at 1148.

Because Messrs. Green's, Mielenhausen's, and Martinson's testimony is unimportant, this factor weighs in favor of exclusion. *See Vanderberg*, 906 F.3d at 704-05 (noting that "[w]here the exclusion of evidence is tantamount to a dismissal, a district court may need to first consider the possibility of lesser sanctions." (citation omitted)).

Second, there is no explanation for Upsher's failure to comply with the disclosure requirements. The Court extended the parties' fact and expert disclosure deadlines multiple times. (*See* Docs. 68, 117, 122, 125, 176. 179.) There is no reason to believe these

---

[1]    Upsher did not produce a copy of this engagement letter, which presumably speaks for itself. It would be error to let Martinson opine about what this unproduced letter means.

individuals—all of whom worked for Upsher in some capacity—or their anticipated testimony were unknown to Upsher before those deadlines expired.   Indeed, Mr. Green states that he "was . . . the person at Upsher-Smith ***overseeing the investigation*** following the discovery of the fraudulent transactions on or about June 17, 2014."[2]   (Doc. 382 ¶ 8 (emphasis added).)   Whether Upsher was careless, or for some other reason failed to disclose until after discovery closed that it would offer these individuals as witnesses, Upsher lacks any adequate justification for its failure to properly disclose these individuals. *N. Star Mut. Ins. Co.*, 269 F. Supp. 2d at 1145 (precluding testimony of improperly disclosed witness because carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief); *see also Monahan v. Lamogis*, 2012 U.S. Dist. LEXIS 3331, at *6 (D. Neb. Jan. 11, 2012) ("The plaintiff's failure to conduct adequate investigation and discovery does not provide good cause for failure to comply with court orders and the rules of court.")

Third, Fifth Third will be prejudiced if Messrs. Green, Mielenhausen, and Martinson are permitted to testify at trial.   Because Fifth Third did not know that Upsher intended to rely upon Messrs. Green and Mielenhausen, Fifth Third did not have an opportunity to depose them and investigate the facts underlying the statements made in their declarations. This is, of course, prejudicial to Fifth Third.   *See Monahan*, 2012 U.S. Dist. LEXIS 3331, at *6 ("The defendants would suffer undue prejudice by either a delay of trial or having to

---

[2]     Whatever information was relayed to Green by other Upsher employees during the course of this purported internal investigation is hearsay.   To the extent they were disclosed, these employees may testify about their personal knowledge of what transpired.

proceed without additional discovery as to these three proposed witnesses."); *Hallmark Indus. v. Hallmark Licensing, LLC*, No. 4:18-cv-0236-DGK, 2019 U.S. Dist. LEXIS 10669, at *10 (W.D. Mo. Jan. 23, 2019) ("Defendant was unaware of Mr. Devack's existence, much less his potential importance, and in order for it to depose him now, the Court would have to modify the scheduling order and reopen discovery.")

Moreover, Upsher never identified Mr. Martinson as an expert witness, and its deadline to do so expired over a year ago.  It is irrelevant that Upsher identified Mr. Martinson as an individual with relevant knowledge in its supplemental response to Fifth Third's first interrogatory.  The specific ***expert*** disclosure requirements of Rule 26(a)(2) exist for a reason and "would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines."  *Vanderberg*, 906 F.3d at 704.  Fifth Third was "entitled to presume that [Upsher would] comply with the Rules of Civil Procedure and that experts [would] be properly disclosed in accordance with the rules."  *Id.*  Fifth Third "should not have to guess who will offer expert testimony"; it was entitled to "knowledge to conduct [its] own discovery and proffer responsive experts."  *Id.*  Indeed, even if Upsher's identification of Mr. Martinson in its supplemental response to Fifth Third's first interrogatory could be viewed as a sufficient expert disclosure (***it cannot***), Mr. Martinson's testimony should still be precluded.  The law is clear that "failure to disclose in a timely manner is equivalent to failure to disclose," *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998), and Upsher made its supplement response months after the expert disclosure deadline, and well after Fifth Third's opportunity to identify a rebuttal expert, further prejudicing Fifth Third.

Fourth, a continuance is unavailable.  As Upsher notes, this case has "now been on the Court's docket for over three years."  (Doc. 467 at 2.)  And Upsher has demanded that "[t]his case should be set for trial as soon as possible following the final settlement conference if the case is not resolved . . . ."  (*Id.*)

## IV.   <u>Conclusion</u>

For the foregoing reasons, Fifth Third requests that the Court preclude Upsher from offering the fact testimony of Joel Green and Thomas Mielenhausen, as well as any expert testimony of Chad Martinson.

Dated: May 20, 2019                    Respectfully submitted,

                                       By: /s/ Victor A. Walton, Jr.
                                           Nathaniel Lampley, Jr. (admitted *pro hac vice*)
                                           Victor A. Walton, Jr. (admitted *pro hac vice*)
                                           Jeffrey A. Miller (admitted *pro hac vice*)
                                           Nathan L. Colvin (admitted *pro hac vice*)
                                           Vorys, Sater, Seymour and Pease LLP
                                           301 East Fourth Street
                                           Great American Tower, Suite 3500
                                           Cincinnati, Ohio 45202
                                           Telephone: (513) 723-4000
                                           Facsimile: (513) 852-8447
                                           nlampley@vorys.com
                                           vawalton@vorys.com
                                           jamiller@vorys.com
                                           nlcolvin@vorys.com

                                           Scott M. Rusert (Reg. No.: 231113)
                                           Gregory A. Bromen (Reg. No.: 338047)
                                           Jen L. Cornell (Reg. No.: 0391007)
                                           Nilan Johnson Lewis PA
                                           120 South Sixth Street, Suite 400
                                           Minneapolis, Minnesota 55402
                                           Telephone: (612) 305-7500
                                           Facsimile: (612) 305-7501
                                           srusert@nilanjohnson.com
                                           gbromen@nilanjohnson.com
                                           jcornell@nilanjohnson.com

                                       **Attorneys for Defendant Fifth Third Bank**